UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DUNCAN J. McNEIL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITIZENS AGAINST, et al.,<br><br>　　　　　Defendants. | No.　CV-05-200-AAM<br><br>**ORDER OF DISMISSAL** |

In an apparent effort to circumvent the pre-filing review orders issued by this court, plaintiff filed an action in the United States District Court for the District of Columbia.[1] The District of Columbia transferred the action to the Eastern District of Washington on the basis that it was a habeas matter and plaintiff is incarcerated in this district. Actually, however, plaintiff's complaint appears to be a petition for writ of mandamus pursuant to 28 U.S.C. §1361. Even as such, the transfer is appropriate.

Apparently, what plaintiff seeks is an order compelling various federal government agencies, including various federal courts, including the Eastern District of Washington, to

---

[1] He also attempted to file the identical action in the Western District of Kentucky. The documents, however, were not filed there and transferred here, but simply sent here by the Clerk of the Court for the Western District of Kentucky. Those documents will not be filed in this court for the reasons provided in this order.

**ORDER OF DISMISSAL -**　　　　　　　**1**

1  enforce judgments plaintiff claims to have obtained in the United States Bankruptcy Court for the
2  Eastern District of Washington, the United States District Court for the Eastern District of
3  Washington, the United States Bankruptcy Court for the Western District of Washington, the
4  United States District Court for the District of Idaho and the Spokane County Superior Court.
5  Plaintiff apparently asserts that based on these judgments, a stipulated order was entered in CS-
6  97-435-RHW and that this order should somehow be used to "execute" the aforementioned
7  judgments.  Plaintiff offers no explanation, however, as to how these foreign judgments, to the
8  extent they in fact exist and were registered, are related to the stipulated order entered in CS-97-
9  435-RHW.[2]

10      The "Stipulated Order Re: Liability And Damages" filed in CS-97-435-RHW on January
11  30, 2001 (Ct. Rec. 567), stipulated that counterclaimants, Citizens Against Bankruptcy & Real
12  Estate Fraud L.P., Broadway Building II, L.P., Capital Finance, L.P., and Emerald Services
13  Group, were jointly and severally liable to plaintiff, McNeil, in the sum of $319,132.00.  No
14  judgment, however, was ever entered pursuant to this stipulation, Judge Whaley deeming that no
15  judgment was necessary.  (Ct. Rec. 584 in CS-97-435-RHW filed March 12, 2001).[3]  If plaintiff
16  seeks to enforce the order entered in CS-97-435-RHW against the aforementioned
17  counterclaimants, he may file a motion in CS-97-435-RHW asking Judge Whaley to issue a writ
18  of execution **in that case**.  As such, there simply is no need for and no basis for issuance of the
19  writ of mandamus sought by plaintiff.

20      Plaintiff's "complaint" (petition for writ of mandamus) is **DISMISSED with prejudice**.
21  Plaintiff shall not be allowed to file any further documents in the captioned matter, with the

---

[2] No foreign judgments were registered in this court in CS-04-427-AAM.  Plaintiff was advised of this just recently in an order entered in CV-04-279-AAM (Ct. Rec. 84).

[3] Apparently filed in the District of Columbia was a "Certification Of Judgment For Registration In Another District" certifying that in CS-97-435-RHW "the attached judgment is a true and correct copy of the original judgment entered in this action on March 15, 2002 as it appears in the records of this court."  No judgment is attached to the certification, however, and in reviewing the docket report in CS-97-435-RHW, the court fails to see where any formal judgment was entered in favor of plaintiff and specifically one on March 15, 2002.

**ORDER OF DISMISSAL -            2**

1  exception of a Notice of Appeal to the Ninth Circuit Court of Appeals.  If plaintiff chooses to
2  appeal, this order serves as this court's notice that the appeal is not taken in good faith and will
3  not be certified for appeal by this court.  28 U.S.C. §1915(3) and Fed. R. App. P. 24(a).
4      **IT IS SO ORDERED**.  The District Executive shall forward a copy of this order to
5  plaintiff McNeil.
6      **DATED** this   11th    of July, 2005.

                             s/ Alan A. McDonald
8                            ALAN A. McDONALD
                       Senior United States District Judge

**ORDER OF DISMISSAL -**           **3**